# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　　Plaintiff,<br><br>　　　　　　　　　v.<br><br>**[1] ANGEL DE LA CRUZ,**<br>**[2] CESARIN SANCHEZ-MATOS,**<br>**[3] DEIVIS ALIES-VARGAS,**<br>　　　Defendants. | Criminal No. 17-648 (FAB) |

### UNITED STATES' INFORMATIVE MOTION CONCERNING THE APPLICATION OF 18 U.S.C § 3553(F) TO OFFENSES UNDER THE MARTIME DRUG LAW ENFORCEMENT ACT

**TO THE HONORABLE COURT:**

**COMES NOW**, the United States of America through the undersigned attorneys and to this Honorable Court it is respectfully alleged and prayed as follows:

### PROCEDURAL BACKGROUND

1.　In mid-December 2017, the three defendants in this case were caught transporting over 1,200 kilograms of cocaine on a boat approximately 50 nautical miles North of Fajardo, Puerto Rico. **ECF No. 1-1.**

2.　On December 20, 2017, a Grand Jury sitting in the District of Puerto Rico returned an Indictment charging violations of: (1) conspiracy to possess a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, *United States Code*, Sections 70503 and 70506; (2) aiding and abetting the possession of a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of in violation of Title 46, *United States Code*, Sections 70503 and 70506, and Title 18, *United States Code*, Section 2;

and (3) conspiracy to import a controlled substance, in violation of Title 21, *United States Code*, Sections 952, 960, and 963. **ECF No. 12.**

3. On March 23, 2018, defendants Cesarin Sanchez-Matos [02] and Deivis Alies-Vargas [03] entered straight pleas to all three counts of the Indictment. **ECF No. 45.**

4. On March 26, 2018, defendant Angel De La Cruz [01] entered a straight plea to all three counts of the Indictment. **ECF No. 51.** At the change of plea hearing, this Honorable Court asked the United States to submit an informative motion by May 29, 2018 concerning its position regarding the applicability of Title 18, *United States Code*, Section 3553(f) (the "Safety Valve Statute") to the offenses pled guilty to by all three defendants.

5. The sentencing hearing for all three defendants is currently scheduled for June 28, 2018 at 9:00 AM before this Honorable Court. **ECF Nos. 45 & 51**.

## ARGUMENT

Put simply, the plain text of the Safety Valve Statute and applicable case law confirms that MDLEA offenses are not Safety Valve Eligible. More specifically, Title 18, *United States Code*, Section 3553(f) reads:

> (f) Limitation on applicability of statutory minimums in certain cases.--Notwithstanding any other provision of law, ***in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963)***, the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or

induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C.A. § 3553 (emphasis added). The Safety Valve Statute limits its applicability to offenses in the listed sections of the United States Code, but the MDLEA offenses in Title 46 are not among the listed sections. Although defendants *may* qualify for a 2-level reduction pursuant to U.S.S.G. §2D1.1(b)(17), they are not eligible under U.S.S.G. §2D1.1(b)(17) to receive sentences below the statutory minimum.

In order to determine whether a two-point decrease is warranted, the defendants must truthfully disclose to the government all information and evidence they have about the offense in question.[1] The United States is willing to sit defendants for debriefings to see if they qualify for a 2-level reduction pursuant to U.S.S.G. §2D1.1(b)(17). However, the defendants are not eligible to be released from the 10-year mandatory minimum pursuant to the Safety Valve Statute—

---

1 *United States v. Matos*, 328 F.3d 34, 39 (1st Cir. 2003) ("A defendant bears the burden of showing that he made appropriate and timely disclosures to the government. This burden obliges the defendant to prove to the court that the information he supplied in the relevant time frame was both truthful and complete.")

irrespective of the outcome of any debriefing—because defendants face convictions under the MDLEA.

## I. The Plain Text of the Safety Valve Statute Controls

There is no ambiguity in the Safety Valve Statute. According to its text, the Safety Valve Statute applies to offenses defined in five enumerated Code sections—21 U.S.C. §§ 841, 844, 846, 960, and 963. None of these Code sections contains the MDLEA offenses to which the defendants have pleaded guilty.

Courts considering this issue have unanimously held that, based on the plain language of the Safety Valve Statute, it cannot apply to offenses under the MDLEA. *See United States v. Pertuz-Pertuz*, 679 F.3d 1327, 1328 (11th Cir. 2012) ("Here, Defendant was charged with and convicted for violations under Title 46 of the U.S. Code. No Title 46 offense appears in the safety-valve statute. Therefore, pursuant to the plain text of the safety-valve statute, no safety-valve sentencing relief applies."); *United States v. Morales*, 535 F. App'x 781, 783 (11th Cir. 2013) ("Safety valve relief was unavailable to [defendant] because he was convicted of Title 46 offenses not enumerated in the safety valve statute."); *United States v. Gamboa-Cardenas*, 508 F.3d 491, 496 (9th Cir. 2007) ("We find that the plain statutory language indicates that the safety valve provision in 18 U.S.C. § 3553(f) does not apply to violations of 46 App. U.S.C. § 1903. First, 46 App. U.S.C. § 1903 is not listed in the safety valve statute or 21 U.S.C. § 960. Second, a plain reading of 46 App. U.S.C. § 1903(g)(1) demonstrates that the safety valve is inapplicable as a matter of law."); *United States v. Mosquera-Murillo,* 172 F. Supp. 3d 24, 29 (D.D.C. 2016) ("Under the statutory framework described above, the present dispute boils down to a relatively narrow question of statutory interpretation. By its terms, the safety-valve provision allows for a

below-minimum sentence only 'in the case of an offense under' certain enumerated federal drug crimes. Based upon the clear text in 18 U.S.C. § 3553(f), these enumerated statutes—21 U.S.C. §§ 841, 844, 846, 960 and 963—have been interpreted to be an exhaustive list.").

Case law is clear that the Safety Valve Statute does not apply to offenses under the MDLEA. That is because the plain text of a statute controls, and when the plain text is unambiguous, a court should go no further in looking at the underlying intent of the statute. *United States v. Godin*, 534 F.3d 51, 56 (1st Cir. 2008) ("If the meaning of the text is unambiguous our task ends there as well."). On this basis alone, the United States submits the Court should decide the MDLEA offenses in this case are precluded from Safety Valve relief.

## II. The MDLEA Is Not Incorporated Into the Safety Valve Statute

Here, the United States anticipates that defendants will argue, like many defendants in other jurisdictions have attempted to argue, that the MDLEA is incorporated into the Safety Valve Statute through 21 U.S.C. § 960 because that statute is enumerated in the Safety Valve Statute—and the MDLEA provides that violators should be punished in accordance with 21 U.S.C. § 960. Put simply, that argument should fail. Again, each of the courts to consider this argument have unanimously rejected it as an incorrect interpretation of the law and as contrary to the Safety Valve Statute's plain text. In *United States v. Pertuz-Pertuz*, 679 F.3d 1327 (11th Cir. 2012), the Eleventh Circuit clearly explained the issue as follows:

> Defendant says that he is nevertheless entitled to sentencing relief because the Title 46 offenses for which he was convicted reference the penalty provisions of 21 U.S.C. § 960: section 960 is specifically listed in the safety-valve statute. We reject Defendant's contention.
>
> The safety valve statute, section 3553(f), refers to an "offense under" section 960—not to an "offense penalized under" section 960 and not to a "sentence under" section 960. Furthermore, section

> 960(a) lists unlawful acts that actually do qualify as "offenses under" section 960. But still, no Title 46 offense appears in the section 960(a) list.
>
> Although 46 U.S.C. § 70506(a) references section 960 as the penalty provision for violations of 46 U.S.C. § 70503, section 960 does not incorporate section 70503 by reference as an "offense under" section 960. Therefore, the plain text of the statutes shows that convictions under Title 46 of the U.S. Code—like Defendant's—entitle a defendant to no safety-valve sentencing relief. We affirm Defendant's sentence.

*Id.* at 1329. Other courts to consider this argument have followed this same logic and reached the same conclusion—the MDLEA is not incorporated into the Safety Valve Statute. *See United States v. Gamboa-Cardenas*, 508 F.3d 491, 497 (9th Cir. 2007); *United States v. Mosquera-Murillo*, 172 F. Supp. 3d 24, 33 (D.D.C. 2016).

### III. The Legislative History and Purpose of the Safety Valve Statute Do Not Show an Intent to Include MDLEA Offenses

Defendants may also argue that the history and purpose of the Safety Valve Statute supports a release from the 10-year mandatory minimum. Again, this is a losing argument because courts that have analyzed this argument have thoroughly examined it and explicitly rejected the same contentions. *See United States v. Mosquera-Murillo*, 172 F. Supp. 3d 24, 36 (D.D.C. 2016) (lengthy discussion); *United States v. Gamboa-Cardenas*, 508 F.3d 491, 502 (9th Cir. 2007) (same).

Finally, defendants may make an argument based in policy, not in law, that MDLEA defendants should not be subject to more severe punishment than defendants who commit equivalent offenses in domestic waters, on land, or in aircrafts subject to the United States jurisdiction. This argument has been made by other defendants and was rejected by a district court

in the District of Columbia.[2] In rejecting the argument, the district court stated: "Without question, however, Congress intended the safety-valve provision to apply to some, but not all, drug offenses subject to mandatory-minimum penalties." *United States v. Mosquera-Murillo*, 172 F. Supp. 3d 24, 36 (D.D.C. 2016). The Court then went on to state: "the Court discerns no absurdity in precluding safety valve relief for defendants engaged in international drug trafficking" because, in enacting the MDLEA, "Congress emphasized the 'serious international problem' of international drug trafficking aboard maritime vessels, which 'presents a specific threat to the security and societal well-being of the United States.'" *Id.*

In considering this argument, it is important to step back and consider the congressional intent of the MDLEA, as well as the facts and circumstances of this case. Cases being prosecuted under the MDLEA often involve hundreds, if not thousands, of kilograms involved in international drug trafficking. In this case, 1,252 kilograms of cocaine were seized. This quantity of drugs pales in comparison to the quantity of drugs seized in a typical, domestic Title 21, U.S.C., § 841 case. Therefore, it is understandable why Congress would have intended to exclude Safety Valve Relief for cases involving a massive quantity of drugs on the high seas.

### IV. Defendants May Be Afforded the Opportunity for a Two-Point Reduction If They Qualify By Participating in a Debriefing

Although the Safety Valve Statute does not apply to the MDLEA to break the mandatory minimum, the United States recognizes that, pursuant to U.S.S.G. §2D1.1(b)(17), defendants may qualify for a 2-point reduction by satisfying the requirements set forth in subdivisions (1)-(5) of

---

2 *See United States v. Mosquera-Murillo*, 172 F. Supp. 3d 24, 36 (D.D.C. 2016) ("Nonetheless, the defendants press that construing the safety-valve provision to apply equally to § 955 and the MDLEA would avoid the 'absurd' result under which MDLEA defendants are subject to more severe punishment than defendants who commit equivalent offenses in domestic waters, on land, or in aircrafts subject to United States jurisdiction.")

subsection (a) of §5C1.2. Unlike the Safety Valve Statute, §2D1.1(b)(17) explicitly provides that its applicability "shall be determined without regard to whether the defendant was convicted of an offense that subjects the defendant to a mandatory term of imprisonment." *See* U.S.S.G. §2D1.1 Cmt. 21. This difference between the Safety Valve Statute and §2D1.1(b)(17)—and their applicability to the MDLEA—is directly highlighted in *United States v. Pushaina*, 705 F. App'x 853 (11th Cir. 2017). In that case, the Eleventh Circuit made clear that although defendant did not qualify for Safety Valve relief under the MDLEA, he could have qualified for a 2-point reduction under §2D1.1(b)(17), though he failed to demonstrate that he met the criteria. *Id.* at 855.

Therefore, in this case, should the defendants wish to qualify, it is imperative that they demonstrate they meet all the criteria set forth in subsections (1) to (5) of subsection (a) of §5C1.2 by participating in a debriefing. The United States has the right to sit defendants for a debriefing and to assess whether they have provided a "full disclosure, free of any gap or omission." *United States v. Marquez*, 280 F.3d 19, 25 (1st Cir. 2002). Moreover, "a defendant who declines to offer himself for a debriefing takes a very dangerous course. It is up to the defendant to persuade the district court that he has 'truthfully provided' the required information and evidence to the government. . . ." *United States v. Montanez*, 82 F.3d 520, 523 (1st Cir. 1996). United States should be given an opportunity to determine whether defendants have "truthfully provided to the Government all information and evidence [they] have concerning the offense . . ." § 5C1.2(a)(5). Therefore, in order to determine if they qualify for a 2-point reduction under U.S.S.G. §2D1.1(b)(17), the Court should order their debriefing.

**WHEREFORE**, the Government respectfully prays that the Court take notice of the inapplicability of the Safety Valve statute to offenses under the MDLEA.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 16th day of May 2018.

                                         **ROSA EMILIA RODRIGUEZ VELEZ**
                                         United States Attorney

| /s/ *Sean R. Gajewski* | /s/ *David T. Henek* |
|---|---|
| Sean R. Gajewski - USDC No. G02713 | David T. Henek - USDC No. G02607 |
| Special Assistant United States Attorney | Assistant U.S. Attorney |
| United States Attorney's Office | United States Attorney's Office |
| Torre Chardón, Suite 1201 | Torre Chardón, Suite 1201 |
| 350 Carlos Chardón Avenue | 350 Carlos Chardón Avenue |
| San Juan, Puerto Rico 00918 | San Juan, Puerto Rico 00918 |
| Tel: (787) 282-1932 | Tel: (787) 772-3961 |
| Email: sean.r.gajewski@usdoj.gov | Email: david.t.henek@usdoj.gov |

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 16th day of May 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in this case.

                                        s/ *Sean R. Gajewski*
                                        Sean R. Gajewski
                                        Special Assistant United States Attorney