**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>ÁNGEL DE LA CRUZ [1], *et al.*,<br><br>**Defendants.** | **Criminal No.** 17-648 (FAB) |

**MEMORANDUM AND ORDER**

Counsel for defendants Ángel De la Cruz ("De la Cruz") and Deivis Alies-Vargas ("Alies") indicated at their change of plea hearings that their clients are eligible for a two-level reduction in their sentences pursuant to the safety valve. Pursuant to this Court's decision in <u>United States v. Espinal-Mieses</u>, No. 17-396 (FAB), 2018 U.S. Dist. LEXIS 91907 (D.P.R. May 30, 2018), however, defendants De la Cruz, Alies, and César Sánchez-Matos are ineligible for safety valve relief pursuant to 18 U.S.C. § 3553(f), because section 3553(f) does not apply to Maritime Drug Law Enforcement Act ("MDLEA") offenses.

The defendants, however, may potentially qualify for a two-level reduction in their sentences pursuant to U.S.S.G. § 2D1.1(b)(17), but even if they do qualify, they are not eligible for a reduction of their sentences below the statutory minimum term of imprisonment of 120 months.

Defendant De La Cruz additionally argues that he is eligible for a safety valve reduction in his sentence because he was also

convicted of violating 21 U.S.C. § 952 ("section 952"), which is not a MDLEA offense. The Court disagrees. The section 952 offense is grouped together with his MDLEA convictions for guideline purposes pursuant to U.S.S.G. 3D1.2(d). So, even if defendant De La Cruz were eligible for a sentence reduction for his section 952 conviction, his sentence could still not be below 120 months.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, June 4, 2018.

s/ Francisco A. Besosa<br>
FRANCISCO A. BESOSA<br>
UNITED STATES DISTRICT JUDGE