IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
    Plaintiff,
    v.

CRIMINAL NO. 17-648 (FAB)

ANGEL DE LA CRUZ
    Defendant.

MOTION REQUESTING RECONSIDERATION OF MEMORANDUM AND ORDER (D.E. 56)

TO THE HONORABLE
FRANCISCO A BESOSA
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

COMES NOW defendant, Angel de la Cruz, "Mr. de la Cruz", represented by the Federal Public Defender for the District of Puerto Rico and before this Honorable Court respectfully requests, states, prays and alleges:

On December 10, 2017, Mr. de la Cruz and others were arrested after the United States Coast Guard intervened with the vessel he was traveling in and seized in excess of 5 kilograms of cocaine. (D.E. 1-1) On December 28, 2017, a grand Jury rendered a three count Indictment against Mr. de la Cruz and others charging two counts under the Maritime Drug Law Enforcement Act ("MDLEA") (counts 1 and 2) and one count under 21 U.S.C. § 952 (count 3). (D.E. 12) On March 26, 2018, Mr. de la Cruz plead guilty to all counts pursuant to a straight plea. (D.E. 51)

Mr. de la Cruz meets all the criteria set forth in USSG 5C1.2 subsection (1)-(4). He has stated through counsel and in person, during the Change of Plea Hearing, that he is willing to participate in an interview in order to comply with the interview requirement of USSG 5C1.2 subsection (5) and therefore qualify for the two level deduction off the base offense level pursuant to USSG 2D1.1(b)(17) and 18 U.S.C. § 3553(f). His precise words, "I am willing to interview and help the Government."

The position of the United States is that 5C1.2 (Safety Valve) does not apply to Title 46 cases, as it is not an enumerated offense. Therefore, the United States will not agree to sit the Defendant for a Safety Valve debriefing to break the mandatory minimum. However, under 2D1.1(b)(17), he may qualify for a 2 point reduction if he sits and meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of 5C1.2. We are in the process of coordinating the interview.

On June 4, 2018, the Court issued a Memorandum and Order ruling in favor of the Government's position that Mr. de la Cruz may potentially qualify for a two level reduction in his sentence pursuant to U.S.S.G. § 2D1.1(b)(17) but that he is ineligible for safety valve relief pursuant to 18 U.S.C. § 3553(f), because section 3553(f) does not apply to MDLEA offenses. The Court added that, in the present case, where Mr. de la Cruz' offense under 21 U.S.C. § 952 (count 3) is grouped with the MDLEA convictions (count 1 and 2), even if Mr. de la Cruz were eligible for a sentence reduction for his section 952 conviction, his sentence could still not be below 120 months.

In this case, because of the amount of drugs seized, the United States Sentencing Guidelines provide a Base Offense Level of 38 for a quantity more than 450 KG of cocaine.[1] After meeting the requirements of USSG 5C1.2 subsection (5), Mr. de la Cruz will have complied with the requirements set forth in 18 U.S.C. § 3553(f) (*safety valve*), which warrants an additional two (2) level reduction.[2] The Government and this Court reject its application to Title 46 offenses.

Other District Judges for the District of Puerto Rico have applied the safety-valve provisions to MDLEA offenses.[3] In several cases, the government *did not oppose* the application of the safety valve provision to Title 46 offenses. We further submit that First Circuit Court of Appeals has already implicitly determined the safety valve provision applies to Title 46 offenses. For example, in *US v. Bravo*, et al, 489 3Fd. 1 (1st Circ. 2007), a case where the defendant was charged under Title 46 the First Circuit determined that

> the District Court's failure to provide any explanation of its reasoning for denial of safety-valve sentencing reduction warranted remand for reconsideration. 18 U.S.C.A. § 3553(f)(5). It further stated the District Court's finding on eligibility for safety-valve sentencing reduction must be an independent determination, resting on more than bare conclusions; although it is preferable that the court support its decision with specific factual findings, a district court may rest its decision on conclusory statements if those conclusions have easily recognizable support in the record. 18 U.S.C.A. § 3553(f)(5). [4]

---

[1] USSG §2D1.1(c)(2).
[2] USSG §2D1.1(b)(17).
[3] See *United States v. Justo Elias Matos*, Cr. No. 15-699 (GAG); *US v. Alfre Luis Bravo*, et al. 04-205(JAF) without opposition from the Government and minute order D.E. 73 in US v. Mojarrango-Sevilla, et al. 17-062(GAG) regardless of the Government's objection.
[4] *US v. Bravo*, et al, 489 3Fd. 1, 12 (1st Circ. 2007)

3

Furthermore, this Court should note that in the past government has had no objection to the application of the safety valve provision being applied to Title 46 offenses. It is arbitrary and capricious for the government to agree in certain cases to the application of the safety valve provisions in MDLEA offenses, and for no apparent reason, disagree in others.

The text, history and purpose of the safety-valve provision demonstrates Mr. de la Cruz' eligibility for a sentence below the statutory minimum. Moreover, any ambiguity in the language of the provision should be resolved in favor of granting such relief. Congress passed the safety valve provision to provide sentencing relief for low-level offenders who, because of their relatively limited role in the offenses for which they were convicted, were often unable to provide the level of substantial assistance necessary to qualify for a departure below an applicable mandatory-minimum sentence. Congress enacted the safety valve provision in order to provide similar sentencing relief to lower level offenders who were willing to cooperate with the government but did not possess information of substantial assistance. *United States v. Gales*, 603 F.3d 49 (D.C. Cir. 2010) (quoting *United States v. Shrestha*, 86 F.3d 935 (9th Cir. 1996).

We submit it is an importance consideration that the MDLEA provides that individuals who violate, or attempt or conspire to violate, the MDLEA "shall be punished as provided in section 1010 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 960). 46 U.S.C. § 70506(a) & (b). Therefore, individuals convicted under MDLEA are eligible for safety-valve sentencing relief under § 3553(f) because violations of the MDLEA are punished in accordance with the penalties set forth in 21 U.S.C. § 960(b). 18 U.S.C. § 3553(f). An offense

under § 960 should be interpreted to encompass those offenses subject to or governed by § 960. As a result, punishments for violations of the MDLEA should be the same as those imposed under § 960, which necessarily includes potential safety-valve relief. In sum, because the penalties for violating the substantive and conspiracy provisions of the MDLEA are found in § 960(b), Mr. Mata asserts that the MDLEA qualifies as an offense under § 960 to which the safety-valve indisputably applies.

Most importantly, construing the safety-valve provision to apply equally would avoid the absurd result under which MDLEA defendants are subject to more severe punishment than defendants who commit equivalent offenses in domestic waters, on land, or in aircrafts subject to the United States jurisdiction. MDLEA offenses should qualify for safety-valve relief to avoid unjust sentences.

**WHEREFORE**, Mr. de la Cruz respectfully requests this Honorable Court to consider the arguments set forth in this motion reconsider the denial of 3553(f) relief as to the MDLEA conviction and determine that the safety valve provision is applicable to Title 46 offenses.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 7th day of June, 2018.

                                          ERIC A. VOS, ESQ.
                                          Federal Public Defender
                                          District of Puerto Rico
                                          *S/Yasmin Irizarry-Pietri*
                                          Yasmin Irizarry-Pietri, AFPD
                                          USDC-PR 213505
                                          241 F.D. Roosevelt Avenue
                                          San Juan, PR  00918-2305
                                          Phone No. (787) 281-4922,
                                          Email: Yasmin_Irizarry@fd.org