1          **IN THE UNITED STATES DISTRICT COURT**

2            **FOR THE DISTRICT OF PUERTO RICO**

3

4   UNITED STATES OF AMERICA,        )  CASE NO. 17-CR-648 (FAB)
    Plaintiff,                       )
5                                    )
    vs.                              )  CHANGE OF PLEA HEARING
6                                    )
    [1] ANGEL DE LA CRUZ,            )
7   Defendant.                       )
    _____)

8

9

10            TRANSCRIPT OF CHANGE OF PLEA HEARING
       HELD BEFORE THE HONORABLE JUDGE FRANCISCO A. BESOSA
11                 SAN JUAN, PUERTO RICO
                 Monday, March 26, 2018

12

13

14  APPEARANCES:

15

    For the United States:     SEAN R. GAJEWSKI, SAUSA
16                             United States Attorney's Office
                               Torre Chardón, Suite 1201
17                             350 Carlos Chardón Street
                               San Juan, PR 00918
18

19
    For the Defendant:         YASMIN A. IRIZARRY, AFPD
20                             Federal Public Defender's Office
                               Patio Gallery Building
21                             241 Franklin D. Roosevelt Ave.
                               Hato Rey, PR 00918-2441
22

23

24

25  Produced by mechanical stenography; computer-aided
    transcription

1          (PROCEEDINGS COMMENCED AT 3:25 P.M.)

2

3          THE CLERK:  Criminal Case No. 17-648, United States

4     of America versus Angel De La Cruz for Change of Plea

5     Hearing.

6          On behalf of the Government, Assistant United

7     States Attorney Sean R. Gajewski.

8          On behalf of the Defendant, Assistant Federal

9     Public Defender Yasmin A. Irizarry.

10         Defendant is present and assisted by the certified

11    court interpreter.

12         MR. GAJEWSKI:  Good afternoon, Your Honor.  The

13    Government is ready to proceed.

14         MS. IRIZARRY:  Good afternoon, Your Honor.  Yasmin

15    Irizarry on behalf of the Defendant.  We are ready to

16    proceed.

17         Excuse me, Your Honor.  I misread the hour of the

18    hearing.  I thought it was at 3:30, so I apologize to the

19    Court for being late.

20         THE COURT:  Is this a straight plea?

21         MS. IRIZARRY:  Yes, Your Honor.

22         THE COURT:  To all three counts?

23         MS. IRIZARRY:  Yes, Your Honor.

24         THE COURT:  Please put Mr. De La Cruz under oath.

25         THE CLERK:  Yes, Your Honor.

**ANGEL A. MONTERO-DE LA CRUZ,**

after having been first duly

sworn or affirmed upon oath, was examined

and testified as follows:

THE COURT:  Mr. De La Cruz, before I accept your petition to enter a plea of guilty, I have to determine that you are competent to make your plea and that your petition is completely voluntary.

Do you understand that?

DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

THE COURT:  Do you understand that you are now under oath?

DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

THE COURT:  If you answer any of my questions falsely, your answers may later be used against you in a prosecution for perjury or for making a false statement.

Do you understand that?

DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

THE COURT:  Mr. De La Cruz, please state your full name.

DEFENDANT MONTERO-DE LA CRUZ:  Angel Alberto Montero-De La Cruz.

THE COURT:  So your last name is Montero?

DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

1      THE COURT:  How old are you, sir?

2      DEFENDANT MONTERO-DE LA CRUZ:  27 years old.

3      THE COURT:  And how far did you go in school?

4      DEFENDANT MONTERO-DE LA CRUZ:  I studied until high

5  school, and then I took some courses at Universidad Central

6  del Este.

7      THE COURT:  Is that here in Puerto Rico?

8      DEFENDANT MONTERO-DE LA CRUZ:  No, sir.  In the

9  Dominican Republic.

10      THE COURT:  Have you been treated recently for any

11  type of mental illness?

12      DEFENDANT MONTERO-DE LA CRUZ:  No, sir.

13      THE COURT:  Have you been treated recently for

14  addiction to any type of narcotic drug?

15      DEFENDANT MONTERO-DE LA CRUZ:  No, sir.

16      THE COURT:  Are you currently under the influence

17  of any type of narcotic drug?

18      DEFENDANT MONTERO-DE LA CRUZ:  No, sir.

19      THE COURT:  Are you currently taking any type of

20  medication?

21      DEFENDANT MONTERO-DE LA CRUZ:  No.

22      THE COURT:  Are you currently under the influence

23  or have you drunk any alcoholic beverage within the last

24  24 hours?

25      DEFENDANT MONTERO-DE LA CRUZ:  No, sir.

1          THE COURT:  Mr. Montero, what is it that you want

2  do in court this afternoon?

3          DEFENDANT MONTERO-DE LA CRUZ:  To plead guilty.

4          THE COURT:  Ms. Irizarry, do you have doubts as to

5  Mr. Montero's competence to plead?

6          MS. IRIZARRY:  No, Your Honor.

7          THE COURT:  Mr. Gajewski, do you have any doubts?

8          MR. GAJEWSKI:  No, Your Honor.

9          THE COURT:  Based on his answers to my questions

10  and his appropriate demeanor, I find Defendant Angel

11  Montero-De La Cruz to be competent to enter his plea of

12  guilty.

13          Mr. Montero, did you receive a copy of the

14  indictment that's pending against you?

15          DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

16          THE COURT:  Did you discuss the charges in the

17  indictment with your attorney, with Ms. Irizarry?

18          DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

19          THE COURT:  Did you discuss your decision to plead

20  guilty with Ms. Irizarry?

21          DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

22          THE COURT:  Are you fully satisfied with the

23  counsel, representation and advice given to you by

24  Ms. Irizarry?

25          DEFENDANT MONTERO-DE LA CRUZ:  That is correct.

1            THE COURT:  Mr. Montero, when you were arrested and

2  you were brought to court, you went before another judge, and

3  at that time you pled not guilty to the charges.

4            Do you remember that?

5            DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

6            THE COURT:  Do you understand that you can maintain

7  that plea of not guilty if you wanted to?

8            DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir, I

9  understand.

10            THE COURT:  Do you understand that if you were to

11  maintain a plea of not guilty, you would then have the right

12  to a trial by jury?

13            DEFENDANT MONTERO-DE LA CRUZ:  Yes.

14            THE COURT:  Do you understand that at the trial you

15  would be presumed to be innocent?

16            DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

17            THE COURT:  Do you understand that it's the

18  Government that has to prove that you are guilty with

19  competent evidence and beyond a reasonable doubt?

20            DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

21            THE COURT:  Do you understand that at the trial

22  your attorney would be with you at all times to help you with

23  your defense?

24            DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

25            THE COURT:  And that you also would have the right

1    to see every witness that would come to the trial to testify

2    and listen to every witness' testimony.

3              Do you understand that?

4              DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

5              THE COURT:  And that you also would have the right

6    to have those witnesses cross-examined as part of your

7    defense.

8              Do you understand that?

9              DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

10             THE COURT:  And that you also would have the right

11   not to testify at the trial, or even present any evidence,

12   unless you voluntarily would want to do so as part of your

13   defense.

14             Do you understand that?

15             DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

16             THE COURT:  And that you also would have the right

17   to have witnesses come to the trial to testify on your behalf

18   as part of your defense, if necessary, by Court order.

19             Do you understand that?

20             DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

21             THE COURT:  Do you understand that if you were to

22   decide not to testify at the trial, or even present any

23   evidence, that cannot be used against you?

24             DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

25             THE COURT:  Do you understand that by entering a

1    plea of guilty, if I accept your plea, there will not be a

2    trial?

3              DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

4              THE COURT:  Do you understand that you will have

5    waived or given up your right to a trial and those other

6    rights that are associated with the trial that I just

7    mentioned to you?

8              DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

9              THE COURT:  Do you understand that by entering a

10   plea of guilty, you also waive or give up your right not to

11   incriminate yourself?

12             DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

13             THE COURT:  And reason for that waiver is because I

14   have to ask you questions about what you did in order for me

15   to be satisfied that you are guilty.

16             Do you understand that?

17             DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

18             THE COURT:  Do you understand that you will have to

19   acknowledge your guilt?

20             DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

21             THE COURT:  Mr. Montero, are you a citizen of the

22   United States?

23             DEFENDANT MONTERO-DE LA CRUZ:  No, sir.

24             THE COURT:  Do you understand that the offenses to

25   which you are pleading guilty -- Counts One, Two and Three of

1    the indictment -- are felony offenses?

2              DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

3              THE COURT:  Do you understand that if I accept your

4    plea, you will be adjudged guilty of those felony offenses?

5              DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

6              THE COURT:  Mr. Montero, you are charged in

7    Count One of the indictment with conspiracy to possess

8    controlled substances aboard a vessel subject to the

9    jurisdiction of the United States, in that, beginning on a

10   date that's not known but that was no later than on or about

11   December 11th through 12th, 2017, on the high seas, and

12   elsewhere, within the jurisdiction of this court, you, and

13   two other Defendants, knowingly and intentionally combined,

14   conspired, confederated and agreed, together with each other,

15   and with other persons, to possess with intent to distribute

16   5 kilograms or more of a mixture or substance containing a

17   detectable amount of cocaine on board a vessel subject to the

18   jurisdiction of the United States, which was a vessel without

19   nationality.  Puerto Rico was the first point of entry where

20   you entered the United States following the commission of

21   that offense.

22             As to Count One of the indictment, Mr. Montero, is

23   that what you did?

24             DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

25             THE COURT:  You are also charged in Count Two of

1    the indictment with possession of a controlled substance on

2    board a vessel subject to the jurisdiction of the United

3    States, and with aiding and abetting others to do that, in

4    that, on or about December 11 to 12, 2017, on the high seas,

5    elsewhere, and within the jurisdiction this Court, you and

6    two other Defendants, aided and abetted by each other, and

7    with other persons, knowingly and intentionally possessed

8    with intent to distribute 5 kilograms or more of a mixture or

9    substance containing a detectable amount of cocaine on board

10   a vessel subject to the jurisdiction of the United States,

11   which was a vessel without nationality.  Puerto Rico was the

12   first point of entry where you entered the United States

13   following the commission of that offense.

14           As to Count Two, Mr. Montero, is that what you did?

15           DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

16           THE COURT:  And you are also charged in Count Three

17   with conspiracy to import a controlled substance, in that,

18   beginning on a date that's not known but that was no later

19   than on or about December 11 to 12, 2017, from the Dominican

20   Republic, you and two other persons, Defendants,

21   intentionally and knowingly combined, conspired, agreed with

22   other persons, known and unknown to the Grand Jury, to import

23   into the United States 5 kilograms or more of a mixture or

24   substance containing a detectable amount of cocaine.

25           As to Count Three of the indictment, Mr. Montero,

is that what you did?

DEFENDANT MONTERO-DE LA CRUZ:  Can I ask something to my attorney before I answer?

THE COURT:  Of course.

(Whereupon, an off-the-record discussion was held between the Defendant and the Defense counsel.)

DEFENDANT MONTERO-DE LA CRUZ:  Okay.  Yes, sir.

THE COURT:  Are you pleading guilty to all those three counts?

DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

THE COURT:  The maximum and minimum punishment that the law provides for the offenses to which you want to plead guilty is as follows, for each offense:

A minimum term of ten years and a maximum term of life imprisonment, a fine of $10 million, and a supervised release term of at least five years, and a special monetary assessment of $100 for each count, for a total of $300.

Ms. Irizarry, have you discussed and explained the terms of supervised release to Mr. Montero?

MS. IRIZARRY:  Yes, I have, Your Honor.

THE COURT:  Mr. Montero, on the date that you are sentenced, I will also impose upon you a term of supervised release.

DEFENDANT MONTERO-DE LA CRUZ:  Okay.

THE COURT:  During that term, which will be and

enforced whenever you are in the United States, whether

legally or illegally, you will be under the supervision of a

probation officer, and you will have to comply with some

conditions that I will also impose upon you on the date that

you are sentenced.

If you violate any of those conditions or you don't

follow them, the probation officer will find out, and he or

she will tell me.  And at that time we will have a hearing in

court, and depending on what happens at the hearing, I can

revoke your supervised release term and send you back to

prison.

Do you understand that?

DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir, I

understand.

THE COURT:  Mr. Montero, you do realize that after

you complete your imprisonment term, you will be deported

back to your country of origin?

DEFENDANT MONTERO-DE LA CRUZ:  Yes, I understand,

sir.

THE COURT:  Do you understand all those serious

possible consequences of your plea of guilty?

DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

THE COURT:  Do you understand that sentencing

within the sentencing guidelines is a matter for the Court to

decide?

1          DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir, I

2    understand.

3          THE COURT:  Have you and Ms. Irizarry talked about

4    how the sentencing guidelines might apply to your case?

5          DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

6          THE COURT:  Do you understand that I won't be able

7    to determine what the guideline sentence for your case will

8    be until after I receive a completed pre-sentence

9    investigation report prepared by the probation officer?

10          DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

11          THE COURT:  Do you understand that the sentence

12    that I may impose upon you may be different from any estimate

13    that Ms. Irizarry may have already given you and even

14    different from whatever recommendation of sentence I receive

15    at the sentencing date by either Ms. Irizarry or from the

16    Government?

17          Do you understand that?

18          DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir, I

19    understand.

20          THE COURT:  Do you understand that the sentence

21    that I may impose upon you may be affected by your criminal

22    history?

23          DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

24          THE COURT:  Do you understand that even after your

25    sentencing guideline range has been determined, I can in

1  circumstances depart from those guidelines and impose a

2  sentence on you that is more severe than the sentence called

3  for by the guidelines?

4        DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

5        THE COURT:  And the reason I say "more severe" is

6  because I cannot sentence you to anything less than 10 years.

7        Do you understand that by law I can't do that?

8        DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

9        THE COURT:  Do you understand that there is no

10 parole in the Federal system?

11       DEFENDANT MONTERO-DE LA CRUZ:  I understand.

12       THE COURT:  Do you understand that if I do reject

13 any sentencing recommendation made by either your attorney or

14 by the Government that is either more severe or less severe

15 than any sentence you may anticipate, I won't be able to

16 allow you to withdraw your plea of guilty?

17       Do you understand that?

18       DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir, I

19 understand.

20       THE COURT:  Are you pleading guilty because

21 someones forced you to change your plea?

22       DEFENDANT MONTERO-DE LA CRUZ:  No, sir.

23       THE COURT:  Is your plea a completely voluntary

24 plea, on your own behalf?

25       DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

1           THE COURT:  Before we go any further, Mr. Gajewski,

2    does the safety valve apply to this case?

3           MR. GAJEWSKI:  Your Honor, it's the Government's

4    position that the safety valve does not apply to the Title 46

5    case.

6           THE COURT:  Ms. Irizarry.

7           MS. IRIZARRY:  Yes, Your Honor.  We would like to

8    just clarify a situation.  The Court has just stated that the

9    Court cannot go under --

10          THE COURT:  That's why I ask him.

11          MS. IRIZARRY:  Exactly.

12          But the Court has stated that "I cannot go under

13   the 10 years."  I just want the record to be clear that we

14   understand that, yes, the Court can go under the 10 years in

15   one of two things occurring, the safety valve or a

16   cooperation.  So we understand that the statement that "the

17   Court cannot sentence you under 10 years" would be a

18   misstatement in this present case.

19          THE COURT:  All right.

20          Mr. Montero -- well, first of all, Ms. Irizarry,

21   have you explained the safety valve to Mr. Montero?

22          MS. IRIZARRY:  I have, Your Honor.

23          THE COURT:  Okay.

24          Mr. Montero, if you do what we call the safety

25   valve, or if you cooperate with the Government and give the

1    Government information that substantially helps them, then I

2    may sentence you to less than 10 years.

3              Do you understand that?

4              DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.  I offered

5    myself to clarify the case to the Prosecutor.

6              THE COURT:  Okay.  So if the Prosecutor accepts

7    your safety valve, or if the Prosecutor accepts that you have

8    made substantial cooperation with it, then -- for example, in

9    the safety valve, I can -- in both cases I can sentence you

10   to less than 10 years.  But if you -- under cooperation, the

11   Government has to request that I sentence you to less than

12   10 years.

13             Do you understand that?

14             DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir, I

15   understand.

16             MS. IRIZARRY:  Your Honor, if I may clarify the

17   record.  We understand that the Court is the one who

18   determines if he complies with the safety valve.  It's not

19   the Prosecutor.

20             THE COURT:  No, no.  That's why I said "under

21   cooperation" it's only under a Government's motion.  Not

22   under safety valve.  I am clear on that.

23             MS. IRIZARRY:  Thank you, Your Honor.

24             THE COURT:  Now, Mr. Gajewski, would you please

25   give a brief explanation of the theory to be presented to

```
1   prove Mr. Montero-De La Cruz guilty if a trial were to be
2   held.
3            MR. GAJEWSKI:  Yes, Your Honor.
4            On December 11, 2017, the U.S. Coast Guard detected
5   a suspect vessel traveling on a southwest course with three
6   persons on board approximately 50 nautical miles north of
7   Fajardo, Puerto Rico.
8            The Coast Guard intercepted the suspect vessel,
9   conducted a lawful boarding, and found three person on board,
10  one of which was Defendant Angel Montero-De La Cruz.
11           The boarding revealed 53 bales of suspected
12  cocaine.
13           The three persons on board the vessel, as well as
14  the suspected cocaine, were taken to Puerto Rico, which was
15  the first port of entry.
16           The suspected narcotics were subjected to forensic
17  testing by a Drug Enforcement Agency chemist who confirmed
18  the substance was cocaine and calculated a total net weight
19  of 1,051 kilograms.
20           Between December 11th and 12th, 2017, from the
21  country of Dominican Republic, the Defendant intentionally
22  and knowingly combined, conspired, and agreed with
23  co-Defendants to import into the United States 5 kilograms or
24  more of a mixture or substance containing a detectable amount
25  of cocaine.
```

1    Had the United States proceeded to trial, it would

2    have presented testimony of law enforcement agents, expert

3    testimony from a chemist, documentary evidence, a video, and

4    physical evidence, including the seized narcotics, to prove

5    Defendant is guilty beyond a reasonable doubt.

6    Discovery was provided to the Defense in a timely

7    manner.

8    THE COURT:  Mr. Montero, do you agree with the

9    Government's version that you just heard?

10   DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

11   THE COURT:  Is that what you did?

12   DEFENDANT MONTERO-DE LA CRUZ:  One moment, please.

13   (Whereupon, an off-the-record discussion was held

14   between the Defendant and Defense Counsel.)

15   DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir, I

16   understand.

17   THE COURT:  Do you understand that that is what you

18   did?

19   DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

20   THE COURT:  Do you still want to plead guilty?

21   DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir.

22   THE COURT:  Mr. Montero-De La Cruz, how do you

23   plead to the charges before the Court, guilty or not guilty?

24   DEFENDANT MONTERO-DE LA CRUZ:  Guilty, sir.

25   THE COURT:  It's the finding of the Court in the

case of the United States versus Angel Montero-De La Cruz

that Mr. Montero-De La Cruz is fully competent and capable of

entering an informed plea, that he is aware of the nature of

the charges and the consequences of his plea, and that his

plea of guilty is knowing and voluntary someone, supported by

an independent basis in fact containing each of the essential

elements of the offense.

Mr. Montero-De La Cruz's plea is, therefore,

accepted, and he is now adjudged guilty of that offense.

The Court orders a pre-sentence investigation

report to be prepared by the probation officer to assist the

Court in sentencing.

Mr. Montero, it's very important that you cooperate

with the probation officer when he or she is preparing this

report.

DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir, I

understand.

THE COURT:  Ms. Irizarry may accompany you during

and help you with your participation with the probation

officer assigned to your case.

Do you understand that?

DEFENDANT MONTERO-DE LA CRUZ:  Yes, sir, I

understand.

THE COURT:  May I have a sentencing date, please.

THE CLERK:  June 28, 2018, at 9:00 a.m.

1    THE COURT:  Sentence on June 28, 2018, at 9 o'clock

2 in the morning.

3    Is there anything else, Ms. Irizarry?

4    MS. IRIZARRY:  Yes, Your Honor.

5    We would like the record to reflect that our

6 client, in writing, prior to today and today, has informed

7 the Court and the Government that he is interested in

8 participating in the safety valve interview.  We understand

9 that he meets all the requirements and that it is his right

10 to be allowed to participate pursuant to the charge of

11 18 U.S.C. 952.

12    We are aware that the Government's intention is

13 that, in the other two charges, he is not eligible for the

14 safety valve.  Nevertheless, he definitely -- there is no

15 objection that in the importation count he is eligible for

16 the safety valve.  We request that the Court order the

17 Government to comply and conduct the interview.

18    THE COURT:  Well, the Government can do its own

19 research and determine whether it applies or not.

20    What I would like, before the sentencing, is for

21 the Government, if it's not going to allow Mr. Montero to do

22 the safety valve, at last as to Count Three, to brief the

23 Court on that issue.

24    MR. GAJEWSKI:  Yes, Your Honor.

25    THE COURT:  And, Ms. Irizarry, you may brief the

1 Court also.

2 MS. IRIZARRY: Your Honor, and also, looking into

3 3553 factors, we are requesting that interview. We

4 understand that that is an interview which will allow the

5 Court to have a full picture as to all the 3553 factors that,

6 in fact, my client, for purposes of sentencing -- regardless

7 of the obligation or non-obligation of the safety valve,

8 there is the potential to go as low as 10 years, regardless

9 of the decision as if it will apply or not to the MDLEA

10 charges.

11 THE COURT: You may include that in your

12 briefing --

13 MR. GAJEWSKI: Thank you, Your Honor.

14 THE COURT: -- as to whether -- even if you are not

15 going to do the safety valve, whether you should at least

16 allow Mr. Montero-De La Cruz to be interviewed for the Court

17 to have sufficient evidence under the 3553(a) factors to

18 impose sentence.

19 And, Ms. Irizarry, you can brief the Court on that

20 also.

21 MS. IRIZARRY: Thank you, Your Honor.

22 MR. GAJEWSKI: Your Honor, is there a specific date

23 that you would like the briefing done by?

24 THE COURT: The sentence is on June 28th.

25 What about May 29th?

1          MR. GAJEWSKI:  That works for the Government,

2     Your Honor.

3          THE COURT:  Is there anything else?

4          MS. IRIZARRY:  Nothing further, Your Honor.

5          MR. GAJEWSKI:  Nothing from the Government,

6     Your Honor.

7          THE COURT:  You are excused.

8

9          (PROCEEDINGS ADJOURNED AT 3:50 P.M.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Joe Reynosa, CSR, RPR
Official Court Reporter

REPORTER'S CERTIFICATE

I, JOE REYNOSA, Official Court Reporter for the United States District Court for the District of Puerto Rico, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a true and correct computer-aided transcript of proceedings had in the within-entitled and numbered cause on the date herein set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

S/Joe Reynosa

_____

**JOE REYNOSA, CSR, RPR**
United States Court Reporter
Federico Degetau Federal
Building, Room 150
150 Carlos Chardón Street
San Juan, Puerto Rico 00918-176
(787) 772-3000

Joe Reynosa, CSR, RPR
Official Court Reporter