```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff**,<br><br>                **v.**<br><br>ÁNGEL DE LA CRUZ,<br><br>    **Defendant.** | **Criminal No.** 17-648 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Defendant Ángel De la Cruz ("De la Cruz") moves the Court for a sentence reduction pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (Docket No. 137.)  For the reasons that follow, the Court **DENIES** De la Cruz's motion.

**I.  BACKGROUND**

On December 11, 2017, the United States Coast Guard apprehended a vessel loaded with approximately 1,051 kilograms of cocaine and manned by a three-person crew, one of whom was De la Cruz.  (Docket No. 107 at p. 17.)  De la Cruz was indicted on two counts pursuant to the Maritime Drug Law Enforcement Act ("MDLEA"), count one for conspiracy to possess a controlled substance on board a vessel subject to the jurisdiction of the United States pursuant to 46 U.S.C. §§ 70503 and 70506;  and count two for possession of a controlled substance on board a vessel subject to the

jurisdiction of the United States and aiding and abetting, pursuant to 46 U.S.C. §§ 70503 and 70506, and 18 U.S.C. § 2.  (Docket No. 12; Docket No. 137 at p. 3.) He was indicted in count three for conspiracy to import a controlled substance pursuant to 21 U.S.C. §§ 952, 960, and 963.  (Docket No. 12.)  Each count carried a minimum term of imprisonment of ten years.  (Docket No. 54 at p. 9.)

De la Cruz entered a straight guilty plea to all three counts on March 26, 2018.  (Docket No. 108 at p. 14.)  He argued at his change of plea hearing that he should be eligible for an exception from the mandatory minimum pursuant to 18 U.S.C. § 3553(f), commonly referred to as the 'statutory safety valve.'  (Docket No. 107 at p. 15.)  This statute allows a court to sentence defendants below the mandatory minimum if they meet certain requirements.  <u>See</u> 18 U.S.C. § 3553(f).  The Court denied the motion, however, holding that MDLEA offenses are not covered by the text of the statute.  (Docket No. 56.)

At sentencing, the government agreed to a two-level reduction pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") section

Criminal No. 17-648 (FAB)                                                3

2D1.1(b)(17),[1] which has the same eligibility requirements as the statutory safety valve, but no restriction on what offenses to which it can apply.  (Docket No. 108 at p. 4.)  Section 2D1.1.(b)(17) does not, however, provide an escape from the mandatory minimum.  See Docket No. 108 at p. 3.  De la Cruz also argued that he merited an additional two-level reduction pursuant to guideline section 3B1.2(b) because his role in the crime was minor, which would carry another four-level additional downward adjustment pursuant to section 2D1.1(a)(5).  (Docket No. 108 at p. 4.)  He argued that he was merely a drug courier and did not plan the trip, and that compared with the other two defendants he played a lesser role in the venture.  Id. at pp. 5-6.  The government opposed, arguing that pursuant to First Circuit Court of Appeals caselaw, being a courier does not entitle a defendant to an automatic minor role reduction, and that the quantity of cocaine on the boat which, by the government's estimate, would have had a street value of approximately $26 million in Puerto Rico, cut against finding that De la Cruz performed a minor role.  Id. at pp. 11-12.  The Court denied the minor role adjustment,

---

[1] The 2016 Sentencing Guidelines Manual in effect at the time of sentencing had this provision at section 2D1.1(b)(17), see United States v. De la Cruz, 998 F.3d 508, 510 n.1 (1st Cir. 2021), cert. denied sub nom. Cruz v. United States, 211 L. Ed. 2d 385 (Dec. 6, 2021), but this section is now found at 2D1.1(b)(18) under the current Sentencing Guidelines Manual.  See Docket No. 137 at p. 4; Docket No. 142 at p. 6 n.2.

Criminal No. 17-648 (FAB)                                                            4

finding that the amount of cocaine and its value demonstrated a level of entrustment that was not commensurate with a minor role. Id. at p. 13.  With no prior criminal history and therefore criminal history category I, the Court determined De la Cruz's guideline range was 135 to 168 months.  Id. at pp. 15-16.

Considering the sentencing factors pursuant to 18 U.S.C. § 3553(a) ("section 3553(a)"), the Court noted that De la Cruz had no prior criminal history, was a 27-year-old Dominican national who had been a self-employed fisherman his whole life, had no history of using controlled substances or alcohol to excess, nor any history of mental health issues, and imposed a variant sentence of 120 months, the mandatory minimum.  Id. at p. 16.  The Court stated that 120 months would be "sufficient but not greater than necessary."  Id. at pp. 16-17.

De la Cruz appealed his sentence, arguing that MDLEA offenses were eligible for the statutory safety valve, and that he had been improperly denied a minor role reduction.  (Docket No. 137 at p. 4.)  In the meantime, Congress passed the First Step Act of 2018 ("First Step Act") which, among other changes to sentencing law, amended the statutory safety valve to explicitly include MDLEA offenses.  See Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221 (2018).  In 2021, the First Circuit Court of Appeals ruled on De la Cruz's appeal and held that the statutory safety valve, although

Criminal No. 17-648 (FAB)                                               5

now amended to include MDLEA offenses, did not include MDLEA offenses at the time De la Cruz was sentenced, and thus affirmed his sentence. United States v. De la Cruz, 998 F.3d 508, 513 (1st Cir. 2021), cert. denied sub nom. Cruz v. United States, 142 S. Ct. 633 (Dec. 6, 2021). Because that question was determinative of the outcome, the court did not reach the question of whether De la Cruz's role was minor. Id. at 510.

De la Cruz moved for compassionate release on March 15, 2023, arguing that the sentencing disparities created by the change in the law pursuant to the First Step Act, as well as disparities in how the statutory safety valve was applied before the law was amended, created an extraordinary and compelling reason to warrant a reduction in his sentence. (Docket No. 137.) The government opposed the application, arguing that the change in the law alone was not sufficient to grant a reduction. (Docket No. 142.) De la Cruz replied. (Docket No. 147.)

## II.  LEGAL STANDARD

The First Step Act amended the compassionate release statute, allowing applicants themselves to make requests for sentence reductions to the court once they have exhausted administrative remedies with the Bureau of Prisons. See Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018); 18 U.S.C. § 3582(c)(1)(A). A court may not modify a term of imprisonment, however, unless

Criminal No. 17-648 (FAB)                                                    6

"extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  If the Court finds that there are extraordinary and compelling reasons for a sentence reduction, it must still consider the sentencing factors set forth in section 3553(a), and the reduction must be consistent with "applicable policy statements issued by the Sentencing Commission." Id. at § 3582(c)(1)(A).

**III. DISCUSSION**

The parties agree that De la Cruz has exhausted his administrative remedies, and that the issue is whether he meets the "extraordinary and compelling" standard for compassionate release. (Docket No. 142 at p. 2.)

De la Cruz argues that his circumstances are extraordinary and compelling because, had he been sentenced about five months later, the First Step Act would have allowed this Court a 'safety valve' from imposing the mandatory minimum of ten years in prison. (Docket No. 137 at p. 1.)  De la Cruz also notes that data shows a wide disparity in the application of the safety valve for MDLEA offenses before the passage of the First Step Act, with 54% of cases in the First Circuit sentenced to less than the mandatory minimum. Id. at pp. 2, 7-8; Docket No. 137-1 at p. 4.  He argues that had the Court had the discretion it now enjoys, it could have varied downward even further than it did, considering he was a

Criminal No. 17-648 (FAB)                                                    7

low-level underling and not the type of kingpin the mandatory minimum was meant for. (Docket No. 137 at pp. 11-12.) He argues that the sentencing factors should not bar his compassionate release as he had no prior criminal record, accepted responsibility, his offense was nonviolent, and he has a young family he will rejoin in the Dominican Republic. (Docket No. 137 at pp. 15-17.)

The government argues that De la Cruz's application is based only on a change in the law that would not automatically have lowered his sentence were it in effect at the time, and that he alleges no other fact to make his circumstances extraordinary and compelling. (Docket No. 142 at p. 6.) The government also argues that the section 3553(a) sentencing factors cut against early release for De la Cruz, because he does not allege any serious medical condition, he participated in a drug-trafficking conspiracy, and if and when he is released, his deportation will mean he will not be supervised. Id. at pp. 7-9.

**Extraordinary and Compelling**

Congress did not define what makes a compassionate release application "extraordinary and compelling," instead delegating to the Sentencing Commission the task of issuing guidance through policy statements. See 28 U.S.C. § 994(t). The Sentencing Commission, however, has not issued a new policy statement

Criminal No. 17-648 (FAB)                                                    8

following the passage of the First Step Act, and thus the First Circuit Court of Appeals has directed that the existing policy statement is not applicable to prisoner-initiated applications, but only to applications initiated by the Bureau of Prisons. See United States v. Ruvalcaba, 26 F.4th 14, 20-21 (1st Cir. 2022). "[U]ntil the Sentencing Commission speaks, the only limitation on what can be considered an extraordinary and compelling reason to grant a prisoner-initiated motion is rehabilitation." United States v. Trenkler, 47 F.4th 42, 48 (1st Cir. 2022) (citing Ruvalcaba, 26 F.4th at 25, 26). Thus, "section 3582(c)(1)(A) must encompass an individualized review of a defendant's circumstances and permit a sentence reduction — in the district court's sound discretion — based on any combination of factors (including unanticipated post-sentencing developments in the law)." Ruvalcaba, 26 F.4th at 26. A district court may therefore consider even non-retroactive changes in the law pursuant to the First Step Act to determine if an individual's case presents extraordinary and compelling circumstances. See id. at 28 ("[A] district court adjudicating such a motion may consider the FSA's non-retroactive amendments to the scope of the mandatory minimum penalties under section 841(b)(1)(A) on a case-by-case basis grounded in a defendant's individualized circumstances to find an extraordinary and compelling reason warranting compassionate release.").

Criminal No. 17-648 (FAB)                                                9

**Potential Disparity in his Sentence**

As De la Cruz notes, courts have found that changes in eligibility for the statutory safety valve pursuant to the First Step Act that create a disparity between the sentence received and the one the person may have received if sentenced today have served, in combination with other factors, as the basis for granting compassionate release. See United States v. Kissi, 469 F. Supp. 3d 21, 39-40 (E.D.N.Y. 2020) ("In other words, not only is Kissi serving an excessive sentence that he may not have received had the amended safety valve provisions been in place, he is doing so under truly extraordinary conditions [describing lockdowns in the prison during Covid]."); United States v. Winchester, No. 17-00743 SOM, 2023 WL 2042168, at *5 (D. Haw. Feb. 16, 2023) ("The inequity between that mandatory minimum sentence and what he would be sentenced to given application of the safety valve is an extraordinary and compelling reason warranting the compassionate reduction of his sentence."); United States v. Bremer, No. 17-276 LEK, 2022 WL 1229963, at *5 (D. Haw. Apr. 26, 2022) ("If the Court had been able to sentence Bremer without regard to a mandatory minimum, Bremer would have merited a sentence at the low end of the guideline range; most likely at 78 months and not the harsh and lengthier sentence of 120 months

required by the mandatory minimum.  This results in a disparity of 42 months.")

The problem for De la Cruz is that, even with application of the statutory safety valve, there is only a disparity in the sentence he received and the one he could receive today if the Court also gave "a mitigating-role reduction or a commensurate downward variance."  (Docket No. 137 at p. 1.)  At sentencing, De la Cruz received a two-level reduction pursuant to U.S.S.G. § 2D1.1(b)(17)[2] and a three-level reduction for acceptance of responsibility, reducing his offense level to 33.  (Docket No. 108 at p. 15.)  The Court refused however to grant him a downward adjustment for minor role pursuant to U.S.S.G. section 3B1.2(b), stating that the amount of cocaine on the vessel showed a level of entrustment that does not warrant a finding of a minor role.  (Docket No. 108 at p. 13.)  With criminal history category I, his guideline range was 135 to 168 months, and the Court sentenced De la Cruz to 120 months.  (Docket No. 108 at p. 15-17.)  So, unlike the cases cited by De la Cruz, his guideline range was higher than the statutory minimum to which he was sentenced.

---

[2] This section is now found at 2D1.1(b)(18) under the current Sentencing Guidelines Manual.  See Docket No. 137 at p. 4; Docket No. 142 at p. 6 n.2.

Criminal No. 17-648 (FAB)                                                   11

In order to argue that he should have been given a minor role reduction, De la Cruz notes that there were certain amendments in 2015 to the commentary to section 3B1.2(b) on determining minor role, and the First Circuit Court of Appeals has clarified that the commentary applies retroactively.  See Docket No 137 at p. 13 (citing United States v. Sarmiento-Palacios, 885 F.3d 1 (1st Cir. 2018) and United States v. Aybar-Ulloa, 987 F. 3d 1 (1st Cir. 2021)).  Unlike the defendants in the cases cited by De la Cruz, however, his own sentencing in 2018 was after the commentary amendments were issued, meaning the Court had their direction at the time it made its ruling.  (Docket No. 108.)  While the commentary enumerates factors that courts should consider when evaluating minor role reductions, those listed are not exhaustive, and subsequent to the issuance of the commentary amendments, the First Circuit Court of Appeals re-affirmed that consideration of drug quantity in determining minor role is not an error by the sentencing court.  See United States v. Arias-Mercedes, 901 F.3d 1, 8 (1st Cir. 2018) ("When a person undertakes to provide material assistance in transporting a large quantity of drugs as a member of a tiny crew in a hazardous voyage at sea, it ordinarily will not be clear error for the sentencing court to refuse him a mitigating role adjustment.") (citing United States v. Pérez, 819 F.3d 541, 546 (1st Cir. 2016)).

**Disparity Amongst Defendants**

De la Cruz's application is grounded, however, not only on the disparity within his own sentence but also his sentence as compared to other defendants sentenced pursuant to the MDLEA before the passage of the First Step Act. (Docket No. 137 at p. 2, 7-8.) He cites to research by Professor Michael T. Light finding that about 54% of MDLEA defendants in the First Circuit were sentenced to less than the statutory mandatory minimum between 2010 and 2018.[3] Id.; Docket No. 137-1 at p. 4. There have also been more downward variances after the First Step Act amended the statutory safety valve. (Docket No. 137 at p. 8.) While notable, the problem with these statistics is that they are not sufficiently specific to know whether those other defendants were eligible for some minor role downward variance or a lower sentencing guideline range than De la Cruz. Absent more, the Court cannot say that De la Cruz has presented extraordinary and compelling circumstances. See Trenkler, 47 F.4th at 50 (1st Cir. 2022) ("[A] change in sentencing law, standing alone, cannot suffice" as 'extraordinary and compelling') (citing Ruvalcaba, 26 F.4th 14).

---

[3] The First Circuit Court of Appeals did not hold until 2021 that the statutory safety valve, before the amendments of the First Step Act, excluded MDLEA offenses. See De la Cruz, 998 F.3d at 513. Thus, prior to 2021, district courts were not bound by any First Circuit Court of Appeals precedent on the application of the statutory safety valve to MDLEA offenses. See, e.g., United States v. Espinal-Mieses, No. 17-396 (FAB), 2018 U.S. Dist. LEXIS 91907 (D.P.R. May 30, 2018).

**Sentencing Factors Pursuant to Section 3553(a)**

While a district court is not required to analyze the section 3353(a) factors if it does not find extraordinary and compelling reasons warranting release, appellate "review is aided . . . when the district court takes the additional step of making a section 3553(a) determination." United States v. Texeira-Nieves, 23 F.4th 48, 52 (1st Cir. 2022). Pursuant to section 3553(a), a court must determine if the sentence imposed reflects the seriousness of the offense, promotes respect for the law, provides a just punishment, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant, and provides the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2). At sentencing, the Court held that a sentence at the statutory minimum was a sentence that reflected the seriousness of the offense, promoted respect for the law, and was sufficient but not greater than necessary to provide just punishment for the offense. (Docket No. 108 at pp. 16-17.) The Court finds these factors still relevant.

**IV. CONCLUSION**

For the reasons set forth above, De la Cruz's motion for sentence reduction is **DENIED**. (Docket No. 137.)

Criminal No. 17-648 (FAB)                                                         14

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 26, 2023.

                                                <u>s/ Francisco A. Besosa</u>
                                                FRANCISCO A. BESOSA
                                                SENIOR UNITED STATES DISTRICT JUDGE